**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Bradford Tree, | No. CV-19-00007-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On March 30, 2020, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") in which she recommended the Court deny Petitioner Andrew Bradford Tree's pro se pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1). (Doc. 18.) Plaintiff filed his objection to the R&R (Doc. 19) and Defendant filed a response (Doc. 20). Upon review, the Court adopts the magistrate judge's R&R and denies the Petition.

I. **STANDARD OF REVIEW: MAGISTRATE'S R&R**

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual and legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II.  FACTUAL HISTORY

Petitioner does not object to the magistrate's statement of facts. As such, the Court adopts the magistrate judge's recitation of facts, and merely summarizes as necessary to address Petitioner's objections.

## III.  PETITIONER'S OBJECTIONS

Petitioner argues that the magistrate judge erroneously: (1) concluded that Petitioner's grounds one and two were procedurally defaulted; (2) determined that his untimely arraignment and grand jury indictment were permissible; and (3) decided that Petitioner had failed to demonstrate defense counsel's bias. (Doc. 19.)

## IV.  DISCUSSION

Petitioner's Complaint raises three grounds for relief. First, Petitioner alleges that his rights were violated when his arraignment was held over 72 hours after arrest. (Doc. 1 at 6.) Second, he argues he was indicted by a grand jury outside of his presence and that this ex parte determination of probable cause constituted structural error and deprived the state court of jurisdiction. (*Id.* at 7.) Finally, Petitioner claims that his counsel was ineffective because counsel suffered from a conflict of interest at every stage of his proceedings. (*Id.* at 8.)

Petitioner asserts that in contrast to the magistrate judge's conclusions, his first two claims were not procedurally defaulted because he is permitted to raise jurisdictional issues at any time. (Doc. 19 at 2.) The Court agrees that subject matter jurisdiction may be raised at any time, but this is not what Petitioner is doing, grounds one and two raise due process claims. Due process claims can be procedurally defaulted. *See Henry v. Ryan*, 720 F.3d 1073, 1082-83 (9th Cir. 2013).

The state court determined that Petitioner's claims were procedurally barred; this decision was based on adequate and independent state grounds and is not reviewable in habeas. *See e.g., Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). Even so, a district court may consider a procedurally defaulted claim if Petitioner can show cause and prejudice, or that a "fundamental miscarriage of justice" is likely to occur absent relief. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As explained below, Petitioner has not met this burden.

Petitioner alleged that appellate counsel did not challenge the arraignment or indictment proceedings at trial or on appeal because counsel had a conflict of interest. (Doc. 1 at 6.) Petitioner's Complaint alleges that appellate counsel's conflict was because appellate counsel "work[ed] out of the same office as trial counsel," (*id.*), and that state prosecutors and public defenders are paid from the same coffer, (Doc. 15 at 65). In the R&R, the magistrate judge correctly noted that Petitioner had not shown any actual bias and therefore his claim had no merit. (Doc. 18 at 6-7 (citing *Mickens v. Taylor*, 535 U.S. 162, 171 (2002)).) Petitioner's general allegation that appellate counsel was biased because of a shared workspace and public salary is insufficient. The Court will not presume that all court appointed attorneys must have a conflict of interest without any further facts in support. Therefore, Petitioner's barren claim that counsel was biased does not present cause for his procedural default of his first two grounds. Moreover, as explained *infra*, Petitioner's claims are non-meritorious; he has therefore not demonstrated prejudice or that a fundamental injustice has occurred. The Court finds that Petitioner's due process claims are procedurally defaulted without excuse.

Next, Petitioner seems to argue that the magistrate judge incorrectly determined that his untimely arraignment and grand jury indictment were permissible. (Doc. 19 at 3.) The magistrate judge explained that Petitioner's arraignment was delayed because he had been shot in the hip and was not released from the hospital for ten days. (Doc. 18 at 4.) This was a "necessary delay" allowed for by state statute. (*Id.* (citing *State v. Brown*, 310 P.3d 29, 35 (Ariz. Ct. App. 2013).) Moreover, the magistrate judge stated that neither

state nor federal law mandates preliminary hearings in lieu of an indictment, and that the state court was permitted to proceed with either. (*Id.* at 5.) Furthermore, she also indicated that the state court maintains jurisdiction once an indictment is issued and therefore the trial court was never divested of jurisdiction. (*Id.* at 5-6.) The magistrate judge noted that these decisions did not constitute structural error, in fact, they were not errors at all. (*Id.* at 6.)

Medical treatment may justify a delayed arraignment beyond the statutorily mandated 24 hours from arrest. *Brown*, 310 P.3d at 35. The magistrate judge was correct that no due process violation occurred; Petitioner's arraignment was postponed due to his injury requiring hospitalization.

In addition, a constitutional right to be charged by indictment by grand jury has never been extended to the states, and states may proceed by indictment or information. *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972). While a charge made through an information requires a preliminary hearing under Arizona law, indictment has no such requirement. *See* Ariz. Const. Art. II, § 30. Moreover, even if there is error in the grand jury proceedings, when a defendant is found guilty by a jury of peers, any error is harmless. *See United States v. Mechanik*, 475 U.S. 66, 70-73 (1986). Here, state prosecutors were not required to ask for a waiver before indicting Petitioner, *see State v. Sisneros*, 670 P.2d 721, 723 (Ariz. 1983), and after indictment the state court retained jurisdiction over the matter, *see* Ariz. Const. Art. VI, § 14(4). Finally, Petitioner's incongruous argument that he was denied due process because there was no probable cause determination is unpersuasive since a grand jury indictment requires a such a determination. *See* A.R.S. § 21-413.

The Court agrees with the magistrate judge, Petitioner's first two grounds are procedurally defaulted without excuse and fail to require relief habeas and his third ground is meritless.

Accordingly, IT IS ORDERED:

1. Magistrate Judge Maria S. Aguilera's Report and Recommendation is ADOPTED.

(Doc. 18.)

2. Petitioner Andrew Bradford Tree's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED. (Doc. 1.)

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court will not issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

4. The Clerk of Court shall enter judgment accordingly and close the case file in this matter.

Dated this 5th day of May, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge